IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Darcy James Calkins<br>Katherine Calkins<br>               Debtors | | CHAPTER 13 |
| COLONIAL SAVINGS, F.A.<br>               Movant<br>vs. | | NO. 17-10026 REF |
| Darcy James Calkins<br>Katherine Calkins<br>               Debtors | | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>               Trustee | | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$13,884.54**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 1, 2017 to August 1, 2017 at $1,836.22/month |
| Fees & Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$13,884.54** |

2. The Debtors shall cure the aforesaid arrearage in the following manner:

    a). Within seven (7) days of the of the Court Order approving of and/or granting this stipulation, Debtors shall file an Amended Chapter 13 Plan that provides for plan payments to cure the post-petition arrearage stated above, together with the pre-petition arrearage, as set forth in Movant's proof of claim;

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,884.54** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtors shall pay the contractual monthly mortgage payments of $1,836.02 (or as adjusted under the mortgage) when due, on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed form of Order filed with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court, upon which the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this stipulation shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 7, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date:   8-9-17

James L. Davis, Esquire
Attorney for Debtors

Date:   8/9/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

**Date: August 14, 2017**

_____
Bankruptcy Judge
Richard E. Fehling