United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Darcy James Calkins  
Katherine Calkins  
       Debtors

Case No. 17-10026-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: Lisa     Page 1 of 1     Date Rcvd: Aug 14, 2017  
                 Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2017.  
db/jdb      +Darcy James Calkins,   Katherine Calkins,   478 East Main Street,   Kutztown, PA 19530-1217  
cr         +Orion (Met-Ed),   c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2017                                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2017 at the address(es) listed below:  
        FREDERICK L. REIGLE   ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
        JAMES L. DAVIS   on behalf of Joint Debtor Katherine  Calkins jldavis.davislaw@gmail.com,  
         srauenzahn.davislaw@gmail.com  
        JAMES L. DAVIS   on behalf of Debtor Darcy James Calkins jldavis.davislaw@gmail.com,  
         srauenzahn.davislaw@gmail.com  
        LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
         ecf_frpa@trustee13.com  
        MATTEO SAMUEL WEINER   on behalf of Creditor   Colonial Savings, F.A. bkgroup@kmllawgroup.com  
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                                    TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Darcy James Calkins<br>Katherine Calkins<br>　　　　　　　Debtors | CHAPTER 13 |
| COLONIAL SAVINGS, F.A.<br>　　　　　　　Movant<br>vs. | NO. 17-10026 REF |
| Darcy James Calkins<br>Katherine Calkins<br>　　　　　　　Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is $13,884.54, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 1, 2017 to August 1, 2017 at $1,836.22/month |
| Fees & Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$13,884.54** |

2. The Debtors shall cure the aforesaid arrearage in the following manner:

a). Within seven (7) days of the of the Court Order approving of and/or granting this stipulation, Debtors shall file an Amended Chapter 13 Plan that provides for plan payments to cure the post-petition arrearage stated above, together with the pre-petition arrearage, as set forth in Movant's proof of claim;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,884.54** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtors shall pay the contractual monthly mortgage payments of $1,836.02 (or as adjusted under the mortgage) when due, on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed form of Order filed with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court, upon which the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this stipulation shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 7, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 8-9-17

James L. Davis, Esquire
Attorney for Debtors

Date: 8/9/17

Frederick L. Reigle
Chapter 13 Trustee

| Case No. 17-10026 | Stipulation | Page 3 of 3 |
|---|---|---|

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

**Date: August 14, 2017**

_____
Bankruptcy Judge
Richard E. Fehling